# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 13-10138-01-EFM

TROY D. BENTON,

    *Defendant.*

## MEMORANDUM AND ORDER

Troy Benton was indicted by the grand jury on a two count indictment charging a controlled substance offense and a gun offense on August 13, 2013. He was arrested on August 13, 2013, and waived a detention hearing. He has been detained since that time. Benton appeared before this Court on September 11, 2013, and pleaded guilty to Count One of the indictment. Sentencing is currently scheduled for December 2, 2013. Pursuant to his Rule 11(c)(1)(C) plea, he is facing a sentence of 72 months imprisonment. He has now moved for release on conditions pending sentencing, pursuant to 18 U.S.C. § 3143 (Doc. 17). He requests release, or even a short furlough, to allow him to address personal property left at his last place of residence before he serves his sentence. He informs the Court that he has no one in the area he can call on to do these tasks for him.

The United States opposes release. Defendant has no plan for a stable living environment while on release; he has been in the area only a relatively short time and as noted has no one he

can call on for help. He has admitted to a significant history of methamphetamine use. To the extent that he has friends or acquaintances in the area, they also have a similar history of drug use. It is highly likely that Defendant would associate with them while on release (he has no one else to stay with or associate with), and such association seems likely to lead Defendant back to old habits of drug use.

> 18 U.S.C. § 3143(a)(2) provides:
>
> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ---
>     (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>     (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>     (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Benton pleaded guilty to an offense described in subparagraph (C) of subsection (f)(1) of section 3142, so this provision is applicable. Moreover, the Court does not find that there is a substantial likelihood that a motion for acquittal or new trial will be granted, nor has the Government recommended no sentence of imprisonment (indeed, it has agreed to a controlling sentence of 72 months). Finally, the Court cannot find that the defendant has shown by clear and convincing evidence that he is not likely to pose a danger to any other person or the community. He is unable to provide a plan for a secure living situation while on release, and his only associates in the area seem likely to encourage him to again use controlled substances. Given his situation, the Court cannot grant his motion for release.

**IT IS THEREFORE ORDERED** that Defendant's motion for release (Doc. 17) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of October, 2013.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE