# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 13-10138-EFM

TROY D. BENTON,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Troy D. Benton's Motion Requesting Extension of Time to File a Notice of Appeal (Doc. 34). Because the Court finds that Defendant failed to show excusable neglect or good cause as to why he did not comply with the filing requirements of Federal Rule of Appellate Procedure 4(b)(1)(A)(i), the Court denies Defendant's motion.

### I.    Factual and Procedural Background

On December 2, 2013, the Court sentenced Defendant to the custody of the United States Bureau of Prisons to be imprisoned for a term of seventy-two months. On February 20, 2015, Defendant filed a motion to reduce this sentence under 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the sentencing guidelines, specifically Amendment 782. The Court denied Defendant's motion on February 23, 2015, and docketed its order that same day.

Under Federal Rule of Appellate Procedure 4(b)(1)(A), Defendant was required to file a notice of appeal within fourteen days after entry of judgment on the docket, which was March 9, 2015. Defendant, however, did not file a Notice of Appeal until March 19, 2015—ten days after the appeal deadline. The Tenth Circuit docketed Defendant's appeal on March 19, 2015, under case number 15-3508.

The government filed a motion to dismiss Defendant's Notice of Appeal in the Tenth Circuit on the basis that Defendant did not comply with Federal Rule of Appellate Procedure 4(b)(1)(A). Defendant responded, agreeing that his Notice of Appeal was not filed within the required fourteen-day time period but that his untimeliness should be excused based on excusable neglect or good cause. The Tenth Circuit denied the government's motion and partially remanded the case to this Court "to permit the defendant, upon proper motion, an opportunity to demonstrate that his failure to comply with the filing requirements of Rule 4(b)(1)(A)(i) was based on excusable neglect or good cause."[1] The Tenth Circuit declined to express an "opinion as to whether the reasons provided by the defendant in his response meet the excusable neglect standard."[2] Defendant subsequently filed with this Court a Motion Requesting Extension of Time to File a Notice of Appeal as per the U.S. Court of Appeals for the Tenth Circuit "Order" Dated June 5, 2015. Having been fully briefed by the parties, Defendant's motion is ripe for the Court's consideration.

## II.   Analysis

Federal Rule of Appellate Procedure 4(b)(A)(i) states that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i)

---

[1] June 5, 2015, Tenth Circuit Order, Doc. 33, p. 2.

[2] *Id*.

the entry of either the judgment or the order being appealed." But Rule 4 also states that "upon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."[3]

Defendant asks the Court to excuse his failure to timely file a notice of appeal and grant him an extra thirty days past March 9, 2015, to file his notice, thereby making his March 19, 2015 Notice of Appeal timely. Defendant admits that he received the Court's February 23, 2015 Order denying his motion for reduction of sentence on March 4, 2015, and that his notice of appeal was due on March 9, 2015, under Rule 4(b)(1)(A)(i). He claims, however, that his failure to timely file his notice of appeal is excusable based on excusable neglect and good cause.

Defendant makes two arguments as to why the Court should find good cause and excusable neglect. First, he argues that he did not receive the Court's order denying his sentence reduction until March 4, 2015, and because the prison law library is closed on Sundays, he only had five days to understand the law and write a notice of appeal. Second, he claims that he misunderstood Rule 4 of the Federal Rules of Appellate Procedure and confused the filing deadline for civil and criminal appeals. Defendant argues as follows:

> Movant is not educated as an attorney and had difficulty in high school with reading skills through-out [sic] the 11th grade when he dropped-out [sic] of high school but earned a GED later in life. When Movant visited the law library at U.S. Penitentiary Leavenworth, he was told to read Rule 4 under the Fed. R. App. P. by other inmates to understand when he needed to file a "NOTICE OF APPEAL" due to the February 23, 2015 "ORDER" he received from the district court. Movant did not understand that Rule 4 was divided into two sections, "CIVIL CASES" and "CRIMINAL CASES" and only consulted the first part of Rule 4, which stated that "the notice of appeal may be filed by any party within

---

[3] Fed. R. App. P. 4(b)(4).

-3-

**60 DAYS AFTER JUDGMENT OR ORDER** appealed from is entered." See, Fed. Rule. App. 4(a)(1)(B).[4]

Defendant's arguments are not persuasive. Looking first at whether Defendant has shown excusable neglect, the Court examines the following four factors: (1) the danger of unfair prejudice to the nonmoving party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in bad faith.[5] "[F]ault in the delay remains a very important factor-perhaps the most important single factor–in determining whether neglect is excusable."[6]

Here, the first, second, and fourth factors favor Defendant. Specifically, there is no danger of unfair prejudice to the government, the delay is not significant, and the facts do not suggest that Defendant acted in bad faith. The third factor, however—Defendant's fault in the delay—defeats his argument altogether. The reason for Defendant's delay was that he simply misread Rule 4 regarding when his notice of appeal must be filed and confused the filing deadlines for civil and criminal appeals. The Tenth Circuit has specifically found that confusing the filing deadlines for civil and criminal appeals does not amount to excusable neglect.[7] Therefore, the Court may not excuse Defendant's untimeliness based on excusable neglect.

Turning to whether Defendant has shown good cause, the Tenth Circuit has stated that the "good-cause standard applies only where 'the need for an extension results from forces

---

[4] Defendant's Motion Requesting Extension of Time to File Appeal, Doc. 34, p. 2.

[5] *Pioneer Inv. Servs. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[6] *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute v. Williams Nat'l Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

[7] *See id.* at 1163-64 (rejecting the defendant's claim of excusable neglect when the stated reason for the delay was that defense counsel confused the filing deadlines for filing civil and criminal appeals).

outside the control of the movant.' "[8]  Here, Defendant's need for an extension was brought on by forces within his control.  Defendant could have read Rule 4 more carefully to determine the correct filing deadline.  Furthermore, even if Defendant received the Court's February 23, 2015 Order denying his sentence reduction on March 4, 2015, he still had five days, and access to the prison law library within those five days, in which to file a Notice of Appeal.  Defendant has not pointed to anything outside of his control that would have prevented him from drafting and filing his Notice of Appeal by March 9, 2015.  Therefore, Defendant's claim of good cause fails, and the Court declines to grant him the requested extension.

**IT IS THEREFORE ORDERED** that Defendant's Motion Requesting Extension of Time to File a Notice of Appeal as per the U.S. Court of Appeals for the Tenth Circuit "Order" Dated June 5, 2015 (Doc. 34) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 6th day of July, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8] *Goldwyn v. Donahoe*, 562 Fed. App'x 655, 657-58 (10th Cir. 2014) (quoting *Magraff v. Lowes HIW, Inc.*, 217 Fed. App'x 759, 761 (10th Cir. 2007)).